UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER SIGAL,<br><br>         Plaintiff,<br><br>    -v-<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>         Defendant. | 16-CV-3397 (JPO)<br><br>OPINION AND ORDER |

J. PAUL OETKEN, District Judge:

On March 17, 2017, the Court ordered the production of relevant aspects of Metropolitan Life Insurance Company's ("MetLife") group disability Claim Management Guidelines ("CMG"). (Dkt. No. 31.) Before producing the relevant portions of the CMG, MetLife sought to execute a Protective Order. (Dkt. No. 36-1.) Plaintiff rejected the terms of the protective order. (Dkt. No. 36-2.) MetLife then sought leave of the court to file a motion for a protective order, which the Court granted on April 19, 2017. (Dkt. No. 33.) On April 26, 2017, MetLife filed its motion for a protective order. (Dkt. No. 34.) For the reasons that follow, MetLife's motion is now granted.

**I. Discussion**

Federal Rule of Civil Procedure 26(c)(1) states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." This includes "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). "Courts in this circuit have noted that, '[f]or purposes of a protective order, "good cause" is established when a party is able to show that a "clearly defined,

1

specific and serious injury" will occur in the absence of such an order.'" *Qube Films Ltd. v. Padell*, No. 13 Civ. 8405, 2015 WL 109628, at *2 (S.D.N.Y. Jan. 5, 2015) (quoting *McDonnell v. First Unum Life Ins. Co.*, No. 10 Civ. 8140, 2012 WL 13933, at *3 (S.D.N.Y. Jan. 4, 2012)). A party moving for a protective order may not rely on "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," to carry its burden. *Id.* (quoting *McDonnell*, 2012 WL 13933, at *3) (internal quotation marks omitted).

Here, MetLife provides a declaration of one of its Managers, Laura Sullivan. (Dkt. No. 35.) That declaration provides that "MetLife does not produce the CMG to its competitors, customers, or members of the general public," and that "access to the CMB (or to any portion thereof) by competitors would allow them to utilize MetLife's claim handling procedures . . . without investing the considerable time, resources and expense invested by MetLife in developing the CMG." (*Id.* ¶ 6.) Such a competitor could use MetLife's CMG "to gain a competitive advantage by copying and implementing the procedures that MetLife has developed over the course of many years, and at great expense," resulting "in a cost savings for competitors as well as a competitive advantage." (*Id.* ¶ 9.) This constitutes good cause sufficient to grant MetLife's motion. *See Liyan He v. Cigna Life Ins. Co. of N.Y.*, No. 14 Civ. 2180, 2015 WL 4114523, at *2 (S.D.N.Y. July 8, 2015) (granting motion for a protective order where disclosure of the document would give competitors a "competitive advantage" in the form of a "cost savings").

Plaintiff's objections are unavailing. Plaintiff's primary objection to the protective order is that it prohibits Plaintiff from being able to use the CMG in similar future litigations against MetLife subject to the same protective order. (Dkt. No. 36-2.) This is an inappropriate basis on which to object. Should Plaintiff encounter MetLife in subsequent actions, it is free to seek the

production of any relevant portion of the CMG under the circumstances, and the presiding Judge can rule on such a request.

Plaintiff also relies on *Levy v. Ina Life Ins. Co. of N.Y.*, No. 05 Civ. 10310, 2006 WL 3316849 (S.D.N.Y. Nov. 14, 2006), to argue that the CMG cannot be deemed confidential at all because Department of Labor ("DOL") regulations require claim fiduciaries to disclose relevant procedural guidelines used to process claims. (*See* Dkt. No. 38 at 2-3.) But the DOL's concern, according to Plaintiff, is that claim fiduciary might rely on an internal rule of confidentiality to refuse to disclose the relevant guidelines to the *claimant*. (*Id.* at 3.) Here, MetLife objects not to the disclosure of the information to the claimant, but to an unknown class of potential future Plaintiffs and competitors. And in *Levy*, moreover, the movant failed to make "any factual showing that disclosure of the material would cause actual harm" and submitted "no affidavit from any person with knowledge of the insurance business articulating the basis for any claim of competitive injury." 2006 WL 3316849, at *2. Ms. Sullivan's declaration articulates a basis for competitive injury and explains the steps MetLife has taken to ensure the confidentiality of the CMG. (Dkt. No. 35 ¶ 8.)

**II.     Conclusion**

For the foregoing reasons, MetLife's motion for a protective order is GRANTED. Plaintiff shall not publicly disseminate the portions of the CMG produced by MetLife in this action and shall use those portions only in this action.

The parties are directed to submit a stipulated protective order by May 19, 2017.  The parties should also meet and confer in order to propose to the Court whether the fact discovery deadline and/or the summary judgment briefing schedule require extension by May 19, 2017.

The Clerk of Court is directed to close the motions at Docket Numbers 34 and 41.

SO ORDERED.

Dated: May 12, 2017
       New York, New York

_____
J. PAUL OETKEN
United States District Judge